**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ERNEST JOSEPH ATENCIO, surviving father of Ernest Marty Atencio, et al., <br><br>       Plaintiffs-Appellees, <br><br> v. <br><br> JOSEPH M. ARPAIO, named as Sheriff Joseph Arpaio, husband; et al., <br><br>       Defendants-Appellants, <br><br>  and <br><br> MARICOPA, COUNTY OF, a public entity; et al., <br><br>       Defendants. | No. 15-15451 <br><br> D.C. No. 2:12-cv-02376-PGR <br><br><br> MEMORANDUM[*] |
| ERNEST JOSEPH ATENCIO, surviving father of Ernest Marty Atencio, et al., <br><br>       Plaintiffs-Appellees, <br><br> v. <br><br> JOSEPH M. ARPAIO, named as Sheriff | Nos. 15-15456 <br><br> D.C. No. 2:12-cv-02376-PGR |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Joseph Arpaio, husband; et al.,

          Defendants,

 and

PHOENIX, CITY OF, a public entity; et al.,

          Defendants-Appellants.

ERNEST JOSEPH ATENCIO, surviving father of Ernest Marty Atencio, et al.,

          Plaintiffs-Appellees,

 v.

JOSEPH M. ARPAIO, named as Sheriff Joseph Arpaio, husband; et al.,

          Defendants,

IAN CRANMER, husband; et al.,

          Defendants,

 and

ANTHONY HATTON, husband

          Defendant-Appellant.

Nos. 15-15459

D.C. No. 2:12-cv-02376-PGR

2

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Argued and Submitted November 17, 2016
San Francisco, California

Before: MELLOY,[**] CLIFTON, and WATFORD, Circuit Judges.

Defendants-Appellants appeal from the district court's denial of summary judgment based on qualified immunity. We have jurisdiction under 28 U.S.C. § 1291.[1] We affirm in part, reverse in part, and remand.

We review de novo an order denying summary judgment based on qualified immunity. *Glenn v. Wash. Cty.*, 673 F.3d 864, 870 (9th Cir. 2011). A public official is entitled to qualified immunity if (1) the disputed facts taken in the light most favorable to the party asserting the injury do not show that the official's conduct violated a constitutional right, or (2) the constitutional right was not clearly established at the time the official acted. *See, e.g.*, *CarePartners, LLC v. Lashway*, 545 F.3d 867, 876 (9th Cir. 2008).

---

[**] The Honorable Michael J. Melloy, United States Circuit Judge for the Eighth Circuit, sitting by designation.

[1] Plaintiffs-Appellees' ("Atencio") motion to dismiss for lack of jurisdiction is denied because we have jurisdiction to consider "whether the defendant[s] would be entitled to qualified immunity as a matter of law, assuming all factual disputes are resolved, and all reasonable inferences are drawn, in plaintiff[s'] favor." *George v. Morris*, 736 F.3d 829, 836 (9th Cir. 2013) (brackets added) (quoting *Karl v. City of Mountlake Terrace*, 678 F.3d 1062, 1068 (9th Cir. 2012)).

Viewing the evidence in the light most favorable to Atencio, including the available video evidence, several of Defendants' acts could be found by a jury to constitute excessive force. Officer French appeared to apply what might be perceived as a carotid hold on Atencio when he was already physically subdued by several officers and arguably posed no immediate threat. When Atencio was being held down by several officers in a "dog pile," there was evidence that Sergeant Weiers tasered Atencio three times and Officer Hatton struck Atencio repeatedly with a closed fist before Atencio was handcuffed and taken to a safe cell. There, Officer Hatton delivered a knee strike to Atencio's upper body, and possibly his head, even though Atencio was handcuffed and being held in a prone position on the ground by several officers. Under these circumstances, a reasonable jury could conclude that some or all of those actions were objectively unreasonable. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Assuming these facts for the purpose of the second part of the qualified immunity test, there was clearly established precedent that would have made it sufficiently clear to reasonable officials that the acts here constituted excessive force. The circumstances here are not meaningfully different from those in *Lolli v. County of Orange*, 351 F.3d 410 (9th Cir. 2003), in which this court held that the defendants were not entitled to summary judgment on an excessive force claim

4

alleging that a group of officers took a pre-trial detainee to the ground without warning, then began to strike and pepper spray him even though he posed no threat and was neither aggressive nor violent to the officers. *Id.* at 417. *Lolli* should have put a reasonable official on notice that he was prohibited from the type and amount of force used against Atencio, including multiple strikes to the face, repeated tasering, and a knee strike, when Atencio was at most passively resisting, he posed no threat to the officers, and he was already being physically restrained by several officers.

We recognize that a jury could credit the testimony of the officers and find that their use of force was permissible. However, because Atencio has shown that there exists a genuine dispute of material fact as to the reasonableness of their conduct, and because under one version of the facts, their conduct violated clearly established law, Officer French, Sergeant Weiers, and Officer Hatton are not entitled to summary judgment based on qualified immunity on the excessive force claim.

The district court denied qualified immunity to several other Defendants because there were genuine issues of material fact as to whether they were "integral participants" in these acts of excessive force. *See Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n.12 (9th Cir. 2007). In analyzing the various

5

Defendants' integral participation, the district court properly examined each officer's conduct rather than employing a "team effort" approach that simply "lump[s] all the defendants together." *Jones v. Williams*, 297 F.3d 930, 936 (9th Cir. 2002). Contrary to what Defendants claim, the district court properly found that Officer Kaiser had no involvement in the safe cell, but that there were genuine issues of material fact as to whether he was an integral participant in the linescan room events. The district court also properly determined that Officer Vazquez may have been an integral participant in the linescan room. Neither the video evidence nor Officer Vazquez's own affidavit resolved whether he entered the linescan room with enough time to participate in the tasering or the strikes.

We cannot say that the district court erred in applying the integral participation doctrine to Officer Hanlon for his wrist lock of Atencio, because his wrist lock was instrumental in controlling Atencio, which allowed the other officers to commit the excessive force against him. *See Blankenhorn*, 485 F.3d at 481 n.12 (holding that officer was liable as an integral participant for his help in handcuffing plaintiff because it "was instrumental in the officers' gaining control of [him], which culminated in" excessive force).

However, the district court erred in denying qualified immunity to Sergeant Scheffner for his role in Officer Hatton's knee strike of Atencio in the safe cell.

6

The district court concluded that genuine issues of material fact regarding his integral participation, supervisory liability, and the duty to intervene precluded summary judgment in his favor based on qualified immunity. We disagree. Sergeant Scheffner could not be liable as a matter of law under any of these theories because, even though he may have seen Hatton deliver the knee strike, there is no evidence that Sergeant Scheffner directed or otherwise knew that the solitary knee strike would occur, physically participated in the knee strike, or had a realistic opportunity to stop the knee strike from happening. *See, e.g.*, *Cunningham v. Gates*, 229 F.3d 1271, 1289-92 (9th Cir. 2000) (discussing standards for supervisory liability and duty to intervene).

The district court also erred in denying qualified immunity to Officer Hanlon on Atencio's substantive due process claim for loss of familial association. "Official conduct that 'shocks the conscience' in depriving [family members] of that interest is cognizable as a violation of [substantive] due process." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010). "In determining whether excessive force shocks the conscience, the court must first ask 'whether the circumstances are such that actual deliberation [by the officer] is practical.' Where actual deliberation is practical, then an officer's 'deliberate indifference' may suffice to shock the conscience." *Id.* The "deliberate indifference" standard is applicable

7

because the circumstances appeared to permit actual deliberation by Officer Hanlon before he applied the wrist lock. However, it cannot be said that his use of the wrist lock showed his deliberate indifference to Atencio's death. Hanlon could not have reasonably foreseen that his use of a wrist lock would cause or would trigger events ultimately leading to Atencio's death.[2]

We decline to exercise pendent jurisdiction over the district court's denial of summary judgment in favor of the Defendants regarding Atencio's state law claims because these issues are not "inextricably intertwined" with the qualified immunity issues properly raised on interlocutory appeal. *See Kwai Fun Wong v. United States*, 373 F.3d 952, 960 (9th Cir. 2004). Whereas "qualified immunity is an immunity from suit rather than a mere defense to liability," *Jones v. County of Los Angeles*, 802 F.3d 990, 999 (9th Cir. 2015), the Arizona justification statutes raised by Defendants in their motion for summary judgment on the state law claims merely provide a potential defense when the merits are adjudicated, A.R.S. §§ 13-413 and 13-403(2).

---

[2] None of the other Defendants, apart from Officers Hanlon and French, appealed the denial of qualified immunity as to the substantive due process claim. Although the Defendants attempted to incorporate each other's arguments by reference, Officers Hanlon's and French's arguments regarding the substantive due process claim were limited to their own conduct, so they do not apply to the other Defendants.

8

We reverse the district court's denial of denial of summary judgment as to Defendant Scheffner for Atencio's excessive force claim based on qualified immunity. We also reverse the district court's denial of qualified immunity to Defendant Hanlon on Atencio's familial association claim under the Fourteenth Amendment. We affirm in all other respects.

Each party to bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, REMANDED.**